UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BRANDON CRUZ, by his parents and natural
guardians Zulma Rivera and Carlos Cruz,

                Plaintiff,

- against -

THE CITY OF NEW YORK, "JOHN" MAYE, the
first name being unknown, and "JOHN DOE,"
the name being fictitious and presently
unknown, being detectives employed by the
City of New York Police Department

                Defendants.

------------------------------------------------------------x

COMPLAINT
07-CV-6545 (DAB)(THK)

Jury Trial Demanded

      BRANDON CRUZ, by his parents and natural guardians Zulma Rivera and Carlos Cruz, by Matthew Flamm, Esq., alleges the following upon information and belief as his Complaint:

### Nature of the Action

      1.    This civil rights action arises from the November 3, 2006 unlawful arrest and abuse of Brandon Cruz. Mr. Cruz was fifteen years of age and returning home from school when the two individual defendants enlisted him against his will as a decoy in a dangerous law enforcement operation. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

      2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.   Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the events forming the basis of this action occurred therein.

Parties

4.   Plaintiff Brandon Cruz is a citizen of the United States of America residing in the State and City of New York, County of the Bronx.  At the time of the incidents herein, he was a fifteen year old, five foot three freshman at DeWitt Clinton High School in the Bronx, New York.

5.   Zulma Rivera resides in the State and City of New York, Bronx County.  She is the mother and natural guard of plaintiff Brandon Cruz.

6.   Carlos Cruz resides in the State and City of New York, County of the Bronx.  He is the father and natural guardian of plaintiff Brandon Cruz.

7.   Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

8.   Defendants "JOHN" MAYE and "JOHN DOE"(collectively, the "individual defendants"), were at all times relevant duly appointed and acting employees of the New York City Police Department and detectives assigned to the 52nd Precinct Detective Squad.

9.   At all times relevant, the individual defendants were acting under color of state law.

10.   The individual defendants involved in the incidents underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

11. On or about February 22, 2007, and within the time allotted by law, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

12. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff and plaintiff's attorney.

13. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

14. The City of New York, which assigned the claim number 2007PI008507, has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days of the happening of the event upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. On November 3, 2006 at or around 2:30 p.m. at 3530 Decatur Avenue in the Bronx, New York, two plainclothes detectives, the individual defendants, accosted fifteen year old Brandon Cruz and forced him against his will to serve as a decoy in a dangerous law enforcement operation.

17. At the above place and time, Mr. Cruz was returning to his home in apartment 1H at 3530 Decatur Avenue from his school, Dewitt Clinton High School located in the Bronx, New York.

18. The two individual defendants approached the plaintiff as he was entering his apartment building. Without lawful cause or justification, they

stopped the teenager and searched his pockets and person.   This unlawful search yielded no contraband, drugs, or any evidence of any crime or violation.

19.    The detectives then commandeered the teenager for use in the law enforcement operation targeting apartment 3C.  The detectives pushed and otherwise physically forced Mr. Cruz to accompany them into the elevator and up to the third floor.

20.    The detectives ordered Mr. Cruz to stand in front of the door to apartment 3C.  The detectives wanted Mr. Cruz to knock on the door and appear to be the only person standing in the hallway when the occupants looked through the peephole.  The detectives' scheme was to use Mr. Cruz to lure the occupants of 3C into opening their door voluntarily.

21.    Mr. Cruz refused to knock on the door.  One of detectives knocked on the door and both detectives stood back leaving Mr. Cruz alone in front of the door.

22.    The ruse apparently worked and the apartment door opened.  Thereupon, the detectives pushed Mr. Cruz from their way and stormed into 3C with guns drawn.

23.    His usefulness to the operation at an end, the detectives simply forgot about teenager and Mr. Cruz was able to leave the scene.

24.    The occupants of apartment 3C were, upon information and belief, suspects in a robbery of a Chinese food deliveryman.

25.    Neither of the individual defendants, despite having a reasonable opportunity to do so, took action to prevent or end the unlawful conduct to which Brandon Cruz was subjected.

26.    Mr. Cruz suffered shock, fright, mental trauma and deprivation of his constitutional rights, among other injuries.  He suffered the physical and emotional trauma of being grabbed up, abused, used and discarded without the

slightest thought or care for his welfare, age, health, safety, or rights as a human being.

27. At all times relevant, and in forcibly taking Mr. Cruz into their custody, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

28. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

29. By the actions described above, the individual defendants deprived Mr. Cruz of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free from arrest or search, except on probable cause or pursuant to warrant.

30. As a consequence thereof, Brandon Cruz has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

31. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

32. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

33. As a consequence thereof, Brandon Cruz has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34. Plaintiff repeats the allegations of paragraphs 1-27 above as though fully stated herein.

35. By the actions described above, the individual defendants deprived Mr. Cruz of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

36. As a consequence thereof, Brandon Cruz has been injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT

37. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

38. By the actions described above, Mr. Cruz was intentionally placed in apprehension of imminent harmful and offensive contact.

39. As a consequence thereof, Brandon Cruz has been injured.

### FIFTH CLAIM FOR RELIEF FOR BATTERY

40. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

41. By the actions described above, Mr. Cruz was intentionally touched in a harmful and offensive manner.

42. As a consequence thereof, plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

43. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

44. The individual defendants, and each of them, failed to intervene to prevent or end the unlawful conduct to which Mr. Cruz was subjected, despite having a reasonable opportunity to do so.

45. As a consequence thereof, Brandon Cruz has been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

46. Plaintiff repeats the allegations of paragraphs 1-27 as though fully stated herein.

47. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to train, supervise or discipline its law enforcement personnel, including training, supervising or disciplining individual Police personnel who unlawfully arrest, detain, use force, or use civilian minors in dangerous law enforcement operations.

48. The defendant City of New York's failure properly to train, supervise or discipline its Police personnel, including the individual defendants involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and arrests and allowed the individual defendants to believe that they could with impunity arrest and abuse Mr. Cruz.

49. As a consequence thereof, Brandon Cruz has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

       2.     A declaration that plaintiff's right to be free from unreasonable and excessive force under the New York State Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated:    July 19, 2007
             Brooklyn, New York

                                            S/
                                    Matthew Flamm **MF1309**
                                     Attorney for Plaintiff
                                    26 Court Street, Suite 600
                                    Brooklyn, New York 11242
                                    (718) 797-3117