MEMO ENDORSED



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 14, 2007

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LISA RABINOWITZ
lrabinow@law.nyc.gov
(212) 788-1300
(212)-788-9776 (fax)

August 14, 2007

**BY FAX with permission**
Honorable Deborah Batts
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Brandon Cruz v. City of New York et al.</u> 07 CV 6545 (DAB) (THK)

Your Honor:

    I am the Assistant Corporation Counsel assigned to the defense for defendant City of New York with respect to the above-referenced matter, in which plaintiff alleges he was used by two unknown New York City Police Department officers in an effort to get a neighbor to open a door. Allegedly, the plaintiff, Brandon Cruz, who was 15 years-old at the time of the incident was "commandeered" by the officers to stand in front of a neighbor's door while the officers knocked and ducked out of sight, so that the neighbor would see only the 15 year-old. Plaintiff claims he was subjected to an unlawful search and seizure by these officers, and that they used excessive force (in that the officers allegedly forced plaintiff to accompany them to the apartment of the neighbor). Plaintiff also asserts a claim for failing to intervene on the part of the officers and negligence on the part of the City. Defendant City respectfully requests that its time to respond to the complaint be extended for sixty (60) days from the current due date of August 15, 2007 until October 15, 2007. Plaintiff's counsel has not consented to this extension.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint, including identifying and interviewing the officers who were allegedly involved in the incident, which may be difficult to do in a short period of time given that the only information plaintiff provides in his complaint is his address. Moreover, defendants do not have any information concerning an investigation at this address on the date plaintiff alleges. While plaintiff has provided a release for sealed records pursuant to NYCPL §160.50 with his complaint, this release is not helpful for obtaining information to answer the complaint at this point, since plaintiff does not allege that he was arrested or prosecuted and thus there is not information in sealed records concerning the incident. Accordingly, it is necessary for defendants to investigate and acquire as much information as possible to properly assess this case and respond to the complaint.

    No previous request for an extension has been made by defendants. Accordingly, we respectfully request that defendants City's time to respond to the complaint be extended until October 15, 2007.

*Grant DAB 8/14*

Honorable Deborah Batts
Page 2 of 2

Thank you for your consideration herein.

Respectfully submitted,

*Lisa Rabinowitz*
Lisa Rabinowitz (LR 7946)

cc:   Matt Flamm, Esq. (via fax: 718-522-2026)

SO ORDERED

*Deborah A. Batts* 8/14/07
DEBORAH A. BATTS
UNITED STATES DISTRICT JU[DGE]

MEMO ENDORSED