UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Brandon Cruz,

                                      Plaintiff,

-against-

The City Of New York, "John" Maye, the first name being unknown, and "John Doe" the name being fictitious and presently unknown, being detectives employed by the City of New York Police Department,

                                        Defendants.
------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT BY DEFENDANT WILLIAM MAYE**

JURY TRIAL DEMANDED

07 CV 6545 (DAB)

        Defendant William Maye, identified in the caption as "John" Maye, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein and admits that plaintiff purports that jurisdiction is proper as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports that venue is proper as stated therein.

        4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

        5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations contained in paragraph "7" of the complaint, except admits that defendant City of New York is a municipal corporation located in New York State, and respectfully refers the Court to the New York City Charter and the Administrative Code of the City of New York for a full and complete statement of the powers and authority of the City of New York and its agencies.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that defendant Maye was a detective assigned to the 52nd detective squad.

9. Defendant states that the allegations set forth in paragraph "9" of the complaint constitute conclusions of law rather than averments of fact and, accordingly no response is required. To the extent a response is required, defendant denies the allegations.

10. Defendant states that the allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact and, accordingly no response is required. To the extent a response is required, defendant denies the allegations.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that the New York City Office of the Comptroller received a notice of claim purportedly signed by Brandon Cruz.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that the New York City Office of the Comptroller received a notice of claim purportedly signed by Brandon Cruz and containing the name and address of a person purporting to be Cruz's attorney.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that the notice of claim sets forth a date and time of certain events.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that a settlement of the claim has not been reached.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that the action was commenced with the filing of the complaint on or about July 20, 2007.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51. Defendant Maye has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

53. Detective Maye has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

54. Plaintiff has not complied with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

55. There was probable cause for plaintiff's detention.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

56. At all times relevant to the acts alleged in the complaint, defendant Maye acted reasonably in the proper and lawful exercise of his discretion and is entitled to governmental immunity.

**WHEREFORE,** defendant William Maye requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
December 17, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant William Maye
100 Church Street
New York, New York 10007
(212) 788-0303

By: _____
LISA RABINOWITZ (LR 7946)
Assistant Corporation Counsel