# MATTHEW FLAMM

ATTORNEY AND COUNSELLOR AT LAW

26 COURT STREET, SUITE 600
BROOKLYN, NEW YORK 11242

matthewflamm@msn.com

(718) 797-3117   FAX (718) 522-2026

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/2008

By Hand

April 28, 2008

The Honorable Deborah Batts
United States District Judge
500 Pearl Street
New York, New York 10007

Re:   Brandon Cruz v. City of New York, Et Al.
      07 CV 6545 (DAB)(THK)

Your Honor:

  I represent plaintiff in the above-referenced §1983 civil rights action. I write in response to Your Honor's April 25 request for authority regarding waiver of an Infant's Compromise hearing. Plaintiff hand-delivered on April 7, 2008 his application for an Infant's Compromise Order permitting the settlement of this matter along with a copy of the proposed Order. My declaration in support asked that, in light of the March 21, 2008 settlement conference before Magistrate Katz, Your Honor dispense with a formal infant's compromise hearing. See Declaration of Matthew Flamm at ¶¶ 11-14.

  Local Rule 83.2(a)(1) directs that actions involving infants shall not be settled without leave of court embodied in an order and that the proceeding upon an application to settle such an action "shall conform, as nearly as may be, to the New York State statutes and rules, but the court, for cause shown, may dispense with any New York State requirement."

  Under New York law, an Infant's Compromise hearing requires that the minor and a parent or guardian, in this case, seventeen year old Brandon Cruz and his parents, appear before the Court, that the minor testify regarding the incident and that the Court receive any other evidence regarding damages. Once satisfied that the settlement is in the minor's best interests, a Court issues an order permitting the settlement, directing payment of attorneys fees and disbursements and deposit or investment of the minor's settlement proceeds. See generally CPLR §1206, §1207 and R.1208; see also Local Rule 83.2(a)(2) and (3).

  Plaintiff, "for cause shown," Local Rule 83.2(a)(1), asks that a formal hearing be dispensed with. The March 21, 2008 settlement conference presided over by Magistrate Katz is equivalent to an infant's compromise hearing; Brandon and his parents, Zulma Rivera and Carlos Cruz, appeared and participated, the issues of liability and damages were aired and the Magistrate recommended, with Brandon's and his parents' consent, that the matter settle for thirty thousand dollars. Cf. Perone v. Niklas, 99 AD2d 484, 486-87, 470 NYS2d 656, 659 (2nd Dep't 1984) appeal dismissed, 63 NY2d 610, appeal dismissed, 64 NY2d 646, reargument denied 64 NY2d 1041 (1985)(affirming settlement even though trial court did follow CPLR 1208).

*MEMO ENDORSED*

The Honorable Deborah Batts
April 28, 2008
Page 2

/DAB/
DENIED
05/23/08

    Plaintiff asks that the Court endorse the proposed Infant's Compromise Order.

                           Respectfully submitted,

                           Matthew Flamm

cc:   Rachel Seligman
       Assistant Corporation Counsel
       (By Facsimile Transmission)

In light of the fact that the settlement conference of March 21, 2008 was not recorded, the Court refers this matter to Judge Katz for a formal Infants Compromise hearing and hereby denies Plaintiff's request.

SO ORDERED
Deborah A. Batts
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE